USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 27 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RANDY K. PAJOOH,

        Plaintiff,

-v-

DEPARTMENT OF SANITATION CITY OF
NEW YORK and LOCAL 831 SANITATION
WORKERS UNION,

        Defendants.
-------------------------------------------------------x

No. 11 Civ. 03116 (LTS)(MHD)

## MEMORANDUM ORDER

Plaintiff Randy K. Pajooh ("Plaintiff") brings this action against his former employer, the Department of Sanitation of the City of New York ("DOS"), and his former union, Local 831 Sanitation Workers Union ("Local 831" and, with DOS, the "Defendants"), asserting claims for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1367. The DOS and Local 831 have each moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint. Plaintiff opposes both motions. The Court has considered thoroughly the parties' submissions and arguments. For the following reasons, both motions to dismiss are granted.

## BACKGROUND

The following facts are derived from the allegations in Plaintiff's Complaint and from those in his Verified Complaint, which was filed before the New York State Division of Human Rights ("NYSDHR") on April 10, 2007 and was attached by Plaintiff to his Complaint in

PAJOOH.WPD      VERSION 9/27/12      1

Copies mailed/faxed to ___plaintiff___
Chambers of Judge Swain    9-27-2012

this case. Unless otherwise stated, the following facts are assumed to be true for purposes of the instant motions. Plaintiff was employed by the DOS as a sanitation worker and was a member of Local 831 from May 9, 2005, until March 20, 2007, when he resigned from the DOS. (Compl. at 5-6). At the DOS, Plaintiff was assigned to the Bronx no. 9 garage under the supervision of Kevin Carroll,[1] who was of Irish descent. (Verified Compl., ¶ 2). Plaintiff states that his job performance, time and attendance were always satisfactory, but that Mr. Carroll gave preferential treatment to workers of Irish and Italian descent. (Verified Compl., ¶¶ 2-3). On January 21, 2006, Plaintiff complained about the unfair work environment at the DOS, including falsification of time records, a "seniority issue" and co-workers on probation. (Compl. at 5). Plaintiff was then approached by Mr. Carroll, who told him to stop worrying about other people and to only worry about himself. Id.

On August 17, 2006, Mr. Carroll became aware of Plaintiff's complaints and of Plaintiff's Iranian ethnicity and, Plaintiff states, his work environment thereafter became hostile. Id. Plaintiff was harassed by Mr. Carroll, was "forced to sign documents from Kevin Carroll's recollection of events against my character and credibility, ridiculing myself" and was threatened if he did not sign. Id. Among other things, Plaintiff was harassed for his Iranian ethnicity, called names like "Wacky Iraqi" and was asked "How many oil wells do you own?" Id. Plaintiff alleges that there was "collusion" between Local 831 and the DOS. Id. On December 30, 2006, Plaintiff signed his "Performance Evaluation," which he alleges was referred to by Mr. Carroll as "Pajooh's Death Warrant." Id. On January 10, 2007, Plaintiff emailed the DOS Commissioner, informing him of the hostile work environment, which Plaintiff claims led to a

---

[1] Carroll is spelled "Carrol" in the NYSDHR Verified Complaint, but appears as "Carroll" in other filings by the Plaintiff.

further deterioration of the situation. Id. On March 20, 2007, Plaintiff resigned from the DOS. (Compl. at 6).

On April 10, 2007, Plaintiff filed a discrimination charge against the DOS with the NYSDHR. (Compl. at 6). Local 831 was not listed as the respondent on the charge, and did not appear as a respondent or defendant on any court filings before the current proceeding. On July 17, 2007, the Plaintiff also filed a discrimination charge against the DOS with the Equal Employment Commission (the "EEOC"). Id. The Plaintiff listed Local 831's contact information on the EEOC intake form. However, his written description of the incidents giving rise to the claim did not include any mention of the union. On October 6, 2007, Plaintiff received a copy of the NYSDHR written determination concerning the case (the "Determination and Order After Investigation"), which found that there was no probable cause to believe that Plaintiff had been discriminated against and dismissed his Complaint. (Determination and Order after Investigation at 1). Representing himself pro se, Plaintiff filed a petition pursuant to Article 78 to set aside the NYSDHR's Determination and Order in New York Supreme Court, Bronx County, arguing that there had been perjured testimony, distortion of facts, "tainted evidence" and that "[t]he City of New York Department of Sanitation uses fear instilled in its employees so they will not speak the truth." (Verified Petition at 2).

On June 18, 2009, the New York Supreme Court issued a Decision and Order holding that the NYSDHR decision was not arbitrary and capricious and had a rational basis. ("Decision and Order"). On March 2, 2011, Plaintiff, again proceeding pro se, appealed the Decision and Order to the Appellate Division, First Department, which upheld the lower court's ruling in a written decision on March 24, 2011. (Compl. at 6). The First Department found that the NYSDHR's "investigation in this case was not 'abbreviated or one-sided'" and affirmed the

New York Supreme Court's decision. Matter of Pajooh v. State Div. of Human Rights et al., 82 A.D.3d 609 (1st Dep't 2011). On March 14, 2011, Plaintiff received a "Right to Sue" letter from the EEOC that listed the DOS as the only respondent. (Attached to Compl. at 7).

## DISCUSSION

When deciding a motion to dismiss a complaint under Rule 12(b)(6), the court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court is also permitted to take into account the contents of documents attached to the complaint or incorporated therein by reference, as well as those documents which are "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002).

In the case of a pro se litigant, the court reads pleadings leniently and construes the complaint to raise "the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010). However, the pleadings must still contain factual allegations that raise a "right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

Department of Sanitation's Motion to Dismiss the Complaint

Plaintiff's Title VII Claims are Barred by Res Judicata and Collateral Estoppel

Plaintiff's claims against the DOS under Title VII are barred by principles of res judicata and collateral estoppel. The doctrine of res judicata, or claim preclusion, applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [plaintiff] or those in privity with [him]; (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). "Under New York law, a claim will be barred by a determination in an earlier action if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different legal theory of recovery." Kirkland v. City of Peekskill, 828 F.2d 104, 110 (2d Cir. 1987).

In this case, the gravamen of Plaintiff's Verified Complaint to the NYSDHR and the Complaint in these proceedings is the same. They emerge from the same set of events and allegations, namely that Plaintiff suffered discrimination and retaliation by the DOS on account of his national origin and race. As previously noted, the NYSDHR did not find sufficient evidence to support the Plaintiff's allegations and dismissed his complaint; the NYSDHR's decision was upheld by the New York State Supreme Court and then by the Appellate Division, First Department. Matter of Pajooh v. State Div. of Human Rights, 82 A.D.3d 609 (1st Dep't 2011). Plaintiff's Complaint here is barred by res judicata because the dismissal of his state action against the DOS was a final judgment on the merits.

Collateral estoppel or issue preclusion also operates to bar adjudication of issues that have been previously determined in this case. "New York courts apply collateral estoppel, or issue preclusion, 'if the issue in the second action is identical to an issue which was raised,

necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in an earlier action.'" LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (internal citations omitted).  In Kremer v. Chemical Construction Corp., the Supreme Court of the United States held that a New York state court decision affirming a dismissal by the NYSDHR was entitled to preclusive effect as to the plaintiff's later lawsuit in federal court because the plaintiff had raised the employment discrimination issue earlier, it had been resolved by the New York courts, and the NYSDHR's procedure for investigating complaints, in addition to the opportunity for judicial review, had provided the plaintiff with a full and fair opportunity to litigate the issue.  456 U.S. 461, 483-85 (1982); see also Yan Yam Koo v. Dep't of Bldgs. of City of N.Y., 218 F. App'x 97, 98 (2d Cir. 2007) (a "New York state court affirmation of the [NYSDHR's] finding of no probable cause would preclude federal litigation based on the same facts").

       The issues in this case -- whether there was discrimination and retaliation against the Plaintiff by the DOS -- are identical to those issues raised in the prior proceedings.  Plaintiff also had a full and fair opportunity to litigate his claim.  To meet that second requirement for collateral estoppel, the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law."  Kremer, 456 U.S. at 481 (holding that New York law, the NYSDHR and the New York state courts meet constitutional due process requirements).  Both prongs of the issue preclusion test have thus been established and collateral estoppel also bars Plaintiff's complaint against the DOS.

       Plaintiff nonetheless contends that res judicata and collateral estoppel do not apply because the decision of the NYSDHR was "procured by extrinsic fraud." (Pl. Aff. in Opp.

to Motion to Dismiss by DOS, ¶ 3-4). However, Plaintiff previously raised and had this argument adjudicated in the New York state court proceedings. In his Verified Petition, Plaintiff stated that the NYSDHR's Determination and Order should be vacated because it was "based on lies," and that the "Department of Sanitation uses fear instilled in its employees so that they will not speak the truth." (Verified Petition, November 16, 2007). The fact that the Plaintiff's "key witness" was unavailable to be interviewed by the NYSDHR and is now willing to provide testimony does not alter the preclusive effect of the prior determination. (See Pl. Aff. in Opp. to Motion to Dismiss by DOS, ¶ 6). Having chosen to pursue his employment discrimination and retaliation claims before the NYSDHR and then having sought a determination in New York state court and having appealed that determination, Plaintiff is procedurally barred from pursuing his claims in this forum.

"[I]f a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" Brzak v. United Nations, 597 F.3d 107, 113-114 (2d Cir. 2010) (internal citations omitted). Because Plaintiff's federal claims under Title VII against the DOS are barred, the Court declines to exercise supplemental jurisdiction over Plaintiff's city and state law claims against the DOS under the NYSHRL and the NYCHRL. See 28 U.S.C. § 1367(c)(3).

Local 831's Motion to Dismiss the Complaint

Under the administrative remedy provision of Title VII, claims under Title VII may not be brought in federal court unless the Plaintiff previously filed a timely charge with the EEOC. 42 U.S.C.A. § 2000e-5. Title VII requires an individual to exhaust his or her administrative remedies by raising those claims with the EEOC and by obtaining a Right to Sue letter before bringing such claims in federal court. Goodwin v. Solil Mgmt. LLC, No. 10 Civ.

5546(KBF), 2012 WL 1883473, at *3 (S.D.N.Y. May 22, 2012).  Both the Plaintiff's Verified Complaint and the EEOC Right to Sue letter name only the DOS as the Respondent.

Under 42 U.S.C.A. § 2000e-5 (f)(1), the aggrieved party's right to sue is limited to the party named in the EEOC charge.  "The purpose of this requirement is to notify the charged party of the alleged violation and to bring him before the EEOC, thereby permitting effectuation of the Act's primary goal, the securing of voluntary compliance with the law." Dortz v. City of New York, 904 F. Supp. 127, 142 (S.D.N.Y. 1995) (internal citations omitted). Only in limited circumstances, when there is a "clear identity of interests," can a Title VII action proceed against an unnamed party.  Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999).

> Whether such limited circumstances exist is determined by examining:
>
> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id., quoting Johnson v. Palma, 931 F.2d 203. 209-210 (2d Cir. 1991).

The exception does not apply when, as here, the Plaintiff knew the role of the unnamed party at the time of filing his EEOC charge, and when there is no identity of interests between the DOS (the employer and the target of the EEO charge), and Local 831 (the union). See Vital v. Interfaith Med. Ctr., 168 F.3d at 619-20 (where plaintiff named only his former

employee and not his former union in the charge that he filed with the EEOC and the Right to Sue Letter listed only the employer, plaintiff could not sue the union). Although the Plaintiff listed Local 831's contact information on the EEOC intake form, the written description of the claim on the form itself does not mention the union and the underlying NYSDHR complaint also does not contain any allegations regarding Local 831. When the EEOC issued a Right to Sue letter four years later, it adopted the NYSDHR's findings and listed only the DOS as the respondent, which is not enough to meet the exhaustion requirement as to the union. Marshall v. National Ass'n of Letter Carriers, No. 03 Civ. 1361, 2003 WL 22519869, at *11 (S.D.N.Y. Nov. 7, 2003) (complaint against union dismissed because EEOC charge and Right to Sue letter were only brought against the employer, not the union, and there was no identity of interest between the employer and union). As the official EEOC charge failed to identify Local 831, the union did not have sufficient notice. See Kearney v. Kessler Family LLC., No. 11 Civ. 06016, 2011 WL 2693892, at *2-4 (W.D.N.Y. July 11, 2011) (finding that naming a second respondent on an EEOC intake questionnaire but not on the official administrative charge and not obtaining a Right to Sue letter with the second respondent's name "was insufficient to satisfy the statutory prerequisite" and notice requirements).

   Even if the Court found that Plaintiff had properly exhausted his administrative remedies prior to suing the union, dismissal of the complaint would still be appropriate because Plaintiff has not alleged sufficient facts as to Local 831 to frame a plausible Title VII claim. See Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv., No. 10 Civ. 6210 (NRB), 2011 WL 5838441, at *3 (describing how a Right to Sue letter is a statutory prerequisite subject to equitable modification by the court when appropriate) (internal quotations and citations omitted).

To establish a Title VII claim against a labor organization,[2] a plaintiff must demonstrate "(1) that the union breached its duty of fair representation; and (2) that the union's action's were motivated by discriminatory animus." Mahinda v. Organization of Staff Analysts, No. 11 Civ. 2652(PKC), 2012 WL 1999691, at *3 (S.D.N.Y. June 1, 2012), quoting Klaper v. Cypress Hill Cemetery, No. 10 Civ. 1811, 2012 WL 959403, at *7 (E.D.N.Y. Mar. 21, 2012). Breach occurs only when a union's conduct toward one of its members "is arbitrary, discriminatory or in bad faith" or "when [the union] causes an employer to discriminate against employees on arbitrary, hostile or bad faith grounds." Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers, 378 F.3d 269, 277 (2d Cir. 2004) (internal citations and quotations omitted). "[T]he duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz v. Local Union No. 3 of Intl Bhd. of Elec. Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994). Further, "establishing that the union's actions were sufficiently 'arbitrary, discriminatory or in bad faith,' is only the first step toward proving a fair representation claim. Plaintiffs must then demonstrate a causal connection between the union's wrongful conduct and their injuries." Spellacy v. Airline Pilots Assoc.-Int'l, 156 F.3d 120, 126 (2d Cir. 1988) (internal citations and quotations omitted). "Although 'a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss,' the claim asserted must still 'be facially plausible' and "give fair notice to the defendants of [its] basis." Baez, 2011 WL 5838441, at * 5, quoting Barbosa v. Continuum Health Partners Inc., 716 F. Supp.2d 210, 215 (S.D.N.Y. 2010).

---

[2]  As Local 831 was not Plaintiff's employer, Plaintiff is limited under Title VII to filing a complaint against the union as a labor organization. See Yerdon v. Henry, 91 F.3d 370, 375 (2d Cir. 1996) (explaining how a plaintiff can bring an action against a union under Title VII as an "employer" or a "labor organization").

Plaintiff has failed to plausibly allege that Local 831 breached its duty of fair representation, or that Local 831 acted with discriminatory animus. Plaintiff alleges that he spoke to Local 831 Representative Tommy Garret about the "unfair work environment" and "falsification of time records" and that there was "collusion" between the Local 831 representative and DOS management. (Compl. at 5). Plaintiff also alleges that he wrote to Local 831 President Henry Nespoli and discussed with Mr. Nespoli the events leading to his resignation. (Compl. at 5). He does not allege that he requested that Local 831 make any grievance on his behalf, nor (assuming he did make such a request), any facts which support the inference that the Union's failure to grieve was irrational, arbitrary, or the product of prohibited discrimination.[3] Further, there is no basis in the Plaintiff's pleadings from which to infer any discriminatory motivation on the part of Local 831. Consequently, Local 831's motion to dismiss the Plaintiff's Title VII claims against the union is granted.

Having dismissed the claims against Local 831 of which this Court has original jurisdiction, the Court also declines to exercise supplemental jurisdiction of Plaintiff's city and state law claims against the Union under the NYSHRL and the NYCHRL.
See 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss brought by the Department of Sanitation and by Local 831. The Court certifies, pursuant to

---

[3]  Plaintiff also alleges for the first time in his opposition papers that he was "never advised of [his] right to have a shop steward or union representative at any of his disciplinary proceedings," and that he "had the right to refuse to agree with or sign the grievances that were used against [him] in the department of human rights investigation." (Pl. Aff. in Opp. to Local 831 Mot. at ¶ 7). Even if the Court were to credit these allegations, they would not suffice to state a Title VII claim against Local 831 in this case.

28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in <u>forma pauperis</u> status is denied for the purpose of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 44-45 (1962).

This Memorandum Order resolves Docket entry numbers 8 and 11.  The Clerk of Court is requested to enter judgment in Defendants' favor and close this case.

SO ORDERED.

Dated: New York, New York
September 27, 2012

_____
LAURA TAYLOR SWAIN
United States District Judge